## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIS POLLARD<br><br>*Plaintiff,*<br><br>v.<br><br>THE DISTRICT OF COLUMBIA,<br><br>*Defendant.* | 19-cv-03099 (ABJ) |

## DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(c) and Rule 8(a)(2), Defendant District of Columbia moves the court for an order dismissing Plaintiff Ellis Pollard's complaint [ ECF1because the pleading does not state a claim upon which relief can be granted.

The grounds for this motion are more fully set forth in the accompanying memorandum of points and authorities.  Defendant attaches a proposed order for the Court's consideration.

January 2, 2020

Respectfully Submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Martha J. Mullen*
MARTHA J. MULLEN [419036]
Acting Chief, Civil Litigation Division, Section IV

*/s/ John J. Bardo*
JOHN J. BARDO[1]

---

[1]    Admitted to practice only in the Commonwealth of Virginia. Practicing in the District of Columbia under the direct supervision of Michael Addo, a member of the D.C. Bar, pursuant to D.C. Court of Appeals Rule 49(c)(4).

Assistant Attorney General
441 4th Street, NW, Suite 630 South
Washington, DC  20001
202-724-6534
John.Bardo@dc.gov
*Counsel for Defendant District of Columbia*

## CERTIFICATE OF SERVICE

I certify that on January 2, 2020 I served a copy of The District of Columbia's Motion to

Dismiss Plaintiff's Complaint by First Class Mail, postage prepaid to:

Ellis Pollard
4205 Russell Avenue Apt. 3
Mount Rainer, MD 20712
*Pro Se Plaintiff*

/s/ *John J. Bardo*
John J. Bardo
Assistant Attorney General

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIS POLLARD<br><br>*Plaintiff*<br><br>v.<br><br>THE DISTRICT OF COLUMBIA<br><br>*Defendant.* | 19-cv-03099 (ABJ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORRT OF DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS

### NATURE OF THE CASE

Pro se Plaintiff Ellis Pollard claims he was employed with the District of Columbia as a cadet firefighter in 2003, as a probationary firefighter in 2004, and later as a technician or firetruck driver.  Pl.'s Compl. ¶ 5. He alleges that he became a Muslim in 2012, and that same year, filed a complaint against the District with the EEOC because the District "denied him the right to wear his beard, the kufi which is a round flat circular light head wear and pants above his ankle." *Id.*, ¶¶ 2, 5.  As discussed below, these allegations do not provide the District with fair notice of the facts or the relief Pollard seeks.

### LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts, accepted as true, to state a claim of relief that is plausible on its face.  Fed. R. Civ. 12(b)(6).  The plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Bare legal conclusions, while they can

provide the framework of a complaint, "are not entitled to the assumption of truth" and they must be supported by well-pleaded factual allegations for a court to assume their veracity. *Id.,* at 679.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Civ. R. 8(a)(2). The allegations must be "simple, concise, and direct." Fed. Civ. R. 8(d). Rule 8(a) requires the plaintiff to "give the defendant fair notice of what the claim is and the grounds on which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (*citing* Fed. Civ. R. 8(a)(2)). The complaint must contain "'enough facts to state a claim to relief that is plausible on its face.'" *Id.*, at 555. The court and adverse party must be able to understand the allegations without undue burden. *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) (explaining that parties must be able to discern the essential facts of the case without having to "fish a gold coin from a bucket of mud") (internal quotation marks and citation omitted); *see also Shallal v. Gates*, 254 F.R.D. 140, 143 n. 6 (D.D.C. 2008) ("It is not the Court's job to wade through pages of incoherent gobbledy-gook in search of a single claim that may have merit."). Applying these standards to this case, the Court should grant this motion.

## ARGUMENT

Pollard is a *pro se* litigant. Although a *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it too, "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678–79) (emphasis added). Courts generally exercise leniency when addressing the adequacy of pleadings filed by *pro se* litigants, *see Anderson v. Carter*, 802 F.3d 4, 8 (D.C. Cir.

2015), but the mere possibility of misconduct by the defendant will not survive a motion to dismiss.

The Complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  This failure is not a technical deficiency that can be overlooked. Indeed, the Rules mandate that a plaintiff must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Even if the Court were to lessen the pleading requirements of Rule 8, Pollard's Complaint is equally infirm under Fed. R. Civ. P. 12(b)(6).  Pollard references "Title VII of the Civil Rights Act of 1964 and D.C. Code [§] 2.1402.11, Section 102 [and] 103 of the Civil Rights Act of 1991 28 U.S.C. [§] 1991" to invoke the Court's jurisdiction. Pl's Compl. ¶ 1.  Pollard then states that after he became a Muslim, the District of Columbia Fire and EMS Department (DCFEMS), did not allow him to wear a beard, kufi, or his pants above his ankle.  *Id*. ¶ 5. Plaintiff filed a complaint with the Equal Employment Opportunity Commission in 2012 and received a right to sue notice on July 10, 2019.  *Id*.  Plaintiff fails to identify the actors beyond FEMS, what happened, when and where.  Plaintiff does not set forth an adverse action nor the harm for which he seeks relief.

The court and adverse party must be able to understand the allegations without undue burden.  *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) (explaining that parties must be able to discern the essential facts of the case without having to "fish a gold coin from a bucket of mud") (internal quotation marks and citation omitted); *see also Shallal v. Gates*, 254 F.R.D. 140, 143 n. 6 (D.D.C. 2008) ("It is not the Court's job to wade through pages of incoherent gobbledy-gook in search of a single claim that may have merit.").

## CONCLUSION

For these reasons, the Court should dismiss Plaintiff's Complaint for failure to state a

claim for relief.

January 2, 2020                                Respectfully Submitted,

                                              KARL A. RACINE
                                              Attorney General for the District of Columbia

                                              CHAD COPELAND
                                              Deputy Attorney General
                                              Civil Litigation Division

                                              */s/ Martha J. Mullen*
                                              MARTHA J. MULLEN [419036]
                                              Acting Chief, Civil Litigation Division, Section
                                              IV

                                              */s/ John J. Bardo*
                                              JOHN J. BARDO[2]
                                              Assistant Attorney General
                                              441 4th Street, NW, Suite 630 South
                                              Washington, DC  20001
                                              202-724-6534
                                              John.Bardo@dc.gov
                                              *Counsel for Defendant District of Columbia*

---

[2]        Admitted to practice only in the Commonwealth of Virginia. Practicing in the District of Columbia under the direct supervision of Michael Addo, a member of the D.C. Bar, pursuant to D.C. Court of Appeals Rule 49(c)(4).

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ELLIS POLLARD

*Plaintiff*

v.

THE DISTRICT OF COLUMBIA

*Defendant*.

19-cv-03099 (ABJ)

## ORDER

Upon consideration of the District of Columbia's Motion to Dismiss, the Memorandum of Points and Authorities in support thereof, and the entire record herein, it is this ____ day of _____, 2020, hereby

ORDERED that Defendant's Motion to Dismiss is GRANTED.

_____
JUDGE AMY BURMAN JACKSON

Copies to:

Ellis Pollard
4205 Russell Avenue Apt. 3
Mount Rainer, MD 20712
*Pro Se Plaintiff*

John J. Bardo
Assistant Attorney General
441 4th Street, NW, Suite 630S
Washington, D.C. 20001
*Counsel for Defendant*