UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIS POLLARD<br><br>*Plaintiff*<br><br>v.<br><br>DISTRICT OF COLUMBIA<br><br>*Defendant*. | Civil Action No.:19-cv-3099-ABJ |

## JOINT REPORT PURSUANT TO LOCAL CIVIL RULE 16.3

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3, the parties conferred concerning the below issues on April 7, 2020 and submit this statement.

    A.    **Brief Statement of the Case:**

**Plaintiff**:

Plaintiff Ellis Pollard alleges that Defendant violated Title VII of the Civil Rights Act of 1964, the District of Columbia Human Rights Act and the Religious Freedom Restoration Act, when it unlawfully discriminated against him and retrained his right to practice his religion. Specifically, Plaintiff alleges that, Defendant has burdened his sincerely held religious beliefs by punishing him for growing his beard, wearing his pants above his ankles, and wearing a religious cap known as a Kufi. Because he has objected to these orders, Defendant has precluded him from performing his duties as a Fire Technician and placed him on day work, depriving him of career advancement as well as overtime and holiday pay.

**Defendant**:

The District denies Plaintiff's allegations. Any employment actions taken by the District were for legitimate, nondiscriminatory and nonretaliatory reasons. The District incorporates by reference, all defenses stated in its Answer to the Complaint.

**B.     Joint Statement Regarding LCvR 16.3(c):**

**1.     Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

The parties anticipate filing dispositive motions after the close of discovery.

**2.     The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The parties agree that any amendment of pleadings or the joinder of additional parties shall be made on or before July 14, 2020.  The parties additionally submit that it is unlikely that any factual or legal issues can be agreed upon or narrowed at this point in the litigation.

**3.     Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not consent to the assignment of this case to a magistrate judge for trial.

**4.     Whether there is a realistic possibility of settling the case.**

Plaintiff is willing to consider an offer of settlement at any time.

The District believes it is too early in the proceedings for settlement discussions and plaintiff has not submitted a demand, without which discussions cannot begin.

**5.     Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties believe it is too early in the proceedings to consider ADR.

**6.     Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for decision on the motions.**

Both parties intend to file a dispositive motion upon the close of discovery in this case.  The parties anticipate that any motion for summary judgment will be filed on or before February

8, 2021, that any opposition will be filed on or before March 10, 2021, and that any reply to the opposition will be filed on or before March 30, 2021.

7. **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties propose to exchange initial disclosures on or before May 15, 2020.

8. **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions and depositions.**

The parties propose that the Court set a discovery schedule for this case that provides a longer period than typical for the conducting of discovery given the current stay at home order in this jurisdiction.  The parties propose a discovery deadline of December 10, 2020.  In such discovery, the parties desire to limit interrogatories to 30 for each party as provided in the Federal Rules of Civil Procedure, and also agree that each may take up to seven depositions, with each deposition being limited to seven on-the-record hours.  As to electronic discovery issues, preservation of discoverable matter, issues of privilege and work-product, and any issues regarding claw-back of produced documents, the parties doubt that such issues will arise in this litigation, but will make every effort to reach agreement on such issues if and when they occur.  Additionally, the parties agree that Requests for Admissions shall not be served until November 15, 2020.

9. **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties do not anticipate any issues regarding disclosure, discovery, or preservation of electronically stored information.  They agree that any issues should be controlled by the Federal Rules of Civil Procedures. They also agree that meta-data is not discoverable and that any inadvertent disclosures will be subject to a claw-back, and not used by either party.

10. **Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The parties agree that any claims of privilege should be ruled by the Federal Rules of Evidence, Federal Rules of Civil Procedure.  The parties will file a joint motion for a protective order for the Court's approval.

11. **Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

The parties propose that Plaintiff's expert disclosures be served on or before September 1, 2020 and Defendant's expert disclosures be served one or before October 15, 2020.

12. **In class actions, appropriate procedures for dealing with Rule 23, Fed .R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

This provision is not applicable.

13. **Whether the trial and/or discovery should be bifurcated or managed in phases and a specific proposal for such bifurcation.**

The parties do not think that discovery should be bifurcated or managed in phases but reserve the right to move for bifurcation of trial following the close of discovery.

14. **The date for the pretrial conference (understanding that trial will take place 30 to 60 days thereafter).**

The parties propose that the pretrial conference be scheduled after the Court has ruled on any dispositive motion(s).

15. **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

4

The parties ask the Court to set a trial date after the pretrial conference.

**16.     Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

None.

Respectfully submitted,

| | |
|---|---|
| /s/*Ellen K. Renaud* | KARL A. RACINE |
| Ellen K. Renaud | Attorney General for the District of Columbia |
| Bar No. 479376 | |
| SWICK & SHAPIRO, P.C. | CHAD COPELAND |
| 1101 15th Street, N.W. | Deputy Attorney General |
| Suite 205 | Civil Litigation Division |
| Washington, DC 20005 | |
| Tel (202) 842-0300 | MICHAEL K. ADDO [1008971] |
| Fax (202) 842-1418 | Chief, Civil Litigation Division, Section IV |
| Email - ekrenaud@swickandshapiro.com | |
| | By: *s/ Martha J. Mullen* |
| Attorney for Plaintiff | MARTHA J. MULLEN [419036] |
| | Senior Assistant Attorney General |
| | 202-724-6612 |
| | martha.mullen@dc.gov |
| | |
| | /s/ *John J. Bardo* |
| | JOHN J. BARDO [1655534] |
| | Assistant Attorney General |
| | 441 4th Street, NW, Suite 630 South |
| | Washington, DC  20001 |
| | 202-724-6534 |
| | John.Bardo@dc.gov |
| | |
| | Attorneys for Defendant |